(R.D. 11205)

LOLLY TOGS, LTD. *v.* UNITED STATES

Entry No. 759733–1/2.

(Decided July 13, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

NICHOLS, Judge: This appeal for reappraisement is before me on the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and checked RCB (Examiner's initials) by Examiner R. C. Brucato (Examiner's name) on the invoices covered by the instant appeal for reappraisement consist of defective footwear imported from Japan during the calendar year 1959.

That said merchandise was appraised on the basis of export value as that value is defined in Section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, which basis of appraisement is not in dispute.

That export value, defined as aforesaid, is equal to the invoice unit value for such footwear plus the proportionate share of the charges marked "X" on said invoice, less 25%.

IT IS FURTHER STIPULATED AND AGREED that the items marked "B" and checked RRR (Examiner's initials) by Examiner R. R. Rainer (Examiner's name) on the invoices covered by the instant appeal for reappraisement consist of children's clothing exported from Hong Kong subsequent to February 27, 1958.

That the said merchandise is not included in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that said merchandise was entered for consumption subsequent to February 27, 1958.

That with respect to the items marked "B," the facts, the merchandise and issues involved herein are the same in all material respects as those involved in *Lolly Togs, Ltd.* v. *United States,* Reap. Dec. 11073 and that the record in said case may be incorporated in and made a part of the record herein.

That on or about the date of exportation of the said merchandise, the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of

Hong Kong, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice unit F.O.B. values, net packed, exclusive of any additional charges or commissions.

IT IS FURTHER STIPULATED AND AGREED that the above appeal for reappraisement may be deemed to be submitted for decision upon this stipuation.

On the agreed facts and on the authority of the decision cited, I find and hold that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that—

(1) As to the merchandise represented by the items marked with the letter "A" and the initials of the examiner on the invoices covered by this appeal, said value is represented by the invoice unit values, plus the proportionate share of the charges marked "X" on said invoices, less 25 percent, and

(2) As to the merchandise represented by the items marked with the letter "B" and the initials of the examiner on the invoices covered by this appeal, said value is represented by the invoice unit f.o.b. values, net packed, exclusive of any additional charges or commissions.

Judgment will be rendered accordingly.